UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**PIERRE DOUGLAS GARDNER,**

**Petitioner,**

v.  Case No. 25-CV-1980

**KENYA MASON,**[1]

**Respondent.**

---

# ORDER ON THE PETITION FOR A WRIT OF HABEAS CORPUS

Pierre Douglas Gardner, who is incarcerated pursuant to the judgment of a Wisconsin Circuit Court, filed a petition for a writ of habeas corpus. Accompanying his petition was a motion to proceed without prepayment of the filing fee. Because the court is satisfied that he lacks the resources to pay the $5.00 filing fee, the court **GRANTS** the motion.

Rule 4 of the Rules Governing Section 2254 Cases states:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

---

[1] In accordance with Rule 2(a) of the Rules Governing Section 2254 Cases, the court updates the caption to name as the respondent the warden of the institution where the petitioner is currently incarcerated.

This is Gardner's second petition. *See Gardner v. Dehann*, No. 24-CV-196, 2024 U.S. Dist. LEXIS 85748 (E.D. Wis. May 10, 2024). The court previously noted that Gardner failed to exhaust his state court remedies but then, in accordance with 28 U.S.C. § 2254(b)(2), went on to consider the merits of the petition and deny it as "patently frivolous." *Gardner*, 2024 U.S. Dist. LEXIS 85748, at *2.

Because the court denied Gardner's prior petition on the merits, he must obtain permission from the court of appeals before filing a second or successive petition in the district court regarding the same conviction. *See* 28 U.S.C. § 2244(b)(3)(A). This rule applies even if the claims in his second petition are different than those he made in his first. 28 U.S.C. § 2244(b). Gardner did not obtain the requisite permission from the court of appeals. Therefore, the court must dismiss his petition. 28 U.S.C. § 2244(b)(4); *Helgeland v. Kaul*, No. 25-CV-404, 2025 U.S. Dist. LEXIS 53533, at *2-3 (E.D. Wis. Mar. 24, 2025). Accordingly, Gardner's petition is **DISMISSED** pursuant to 28 U.S.C. § 2244(b)(4). The Clerk shall enter judgment accordingly. Finally, in accordance with Rule 11 of the Rules Governing Section 2254 Cases, 28 U.S.C. § 2253(c)(2), and *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), a certificate of appealability is **DENIED**.

**SO ORDERED.**

Dated at Green Bay, Wisconsin this 30th day of January, 2026.

*s/ Byron B. Conway*
BYRON B. CONWAY
United States District Judge